Mr. Pelkey. Thank you, Your Honor. If it may please the court, I'd like to begin by thanking everyone in the clerk's office for continuing to set up the opportunities for oral argument telephonically during the current situation. We're here today, the case presents in an interesting form because neither party here is defending the veteran court's decision as it was written. And that's because the court's decision, it cites to no law for what it proposes, the new rule it proposes, and that new rule indeed has no basis in any law or regulation that applies to the VA. So in the case, Mr. Sellers in 1996, he applied for benefits. He submitted the formal form 526 as required under regulations promulgated under 5101. And he identified five specific physical maladies. And he did that in the section of the form that asks the claimant to identify the disabilities that form the basis of the plan. In the box 40, he wrote that he was seeking SC or service connection for disabilities in service. The veterans court took that general statement as incomplete or insufficient claim for benefits and opined and ruled that the veterans, the VA had the obligation to search the records for reasonably identifiable disabilities to potentially cure, that's the language that it uses, to cure that general statement. And that requirement on VA to take what is a complete form as submitted, I don't think there can be any contention here that what Mr. Sellers put in in support of his claim did not qualify as a complete form 526. Mr. Pelkey, let me ask you a question which is a little off point, but I think relevant. Sure. And that is suppose a veteran is thinking of making a claim and he's not sure whether he's going to be able to establish service connection and he asks the VA to supply him copies of his service records, does he have the opportunity to secure those in a prompt manner? Yes, your honor, I think he does. And so if we look at the, we can look at the regulations that exist at the time of Mr. Sellers and for a long time before and after. And this court's case law, for instance in the Fleshman case, where if the veteran reaches out to the VA with this manner of query as your honor described, I think the regulations would either, would view it as potentially an informal claim and then that would trigger the responses that go along with that. Or even if it were made in a form 526. So for instance, if the veteran didn't put in- You're confusing me. I'm asking, even before he submits a claim, he's thinking, I want to get the information that's necessary for me to figure out whether I have a claim here. He says, I'd like the VA to supply me with a copy of my service records. Do the regulations provide that the VA will supply those records? I think they do and that that would be most likely maybe considered to be an informal, the beginning of the informal claim process. So that would begin the process, excuse me, of bringing that to the system. I think, this is Judge Clarence, we need to be very careful here with what we're saying about what might trigger an informal claim or what an informal claim is. What you just said suggested to me that you're taking the position the department would say that if a veteran simply walked into the RO, sat down and said, by the way, may I please have all my medical records? Now, I don't believe you're trying to say that would be treated as an informal claim for benefits. No, Your Honor. I was understanding the question to be if the veteran came in- I think Judge Dyke was simply asking the question whether is there a rule, yes or no, that provides that if a veteran walks into an RO, sits down and says, by the way, may I please have a copy of my medical records? Does the RO have to give them to it, yes or no? No, no. No? I don't believe so. Everything is connected to a claim within the claims process. And frankly, I don't know if a veteran submitted some form of request saying I want all my And out of the claims context, what regulation might govern there? Would you supply a supplemental letter addressing that unless my colleagues don't want it? I would be interested in knowing whether a veteran has that right under the regulations. This is Judge Hughes. Could you also check and see if the veteran has a right to get those military records from the actual branch of service he or she served in rather than the VA who might not initially have them? Right. And that's one of the issues that I'm thinking of, Your Honor, is that, you know, what may or may not be directly in VA's possession when such a request is made, as Your Honor mentions, it might implicate the source branches for any- Just to follow up on this, when does-I'm sorry, this is Judge Hughes again. When does the duty to assist kick in? Is that when a claim, informal or formal, otherwise is made? I believe that's correct, Your Honor. It's a duty- So once a claim, informal or formal, is made, then the VA would have an obligation to obtain all relevant service records. Yes, Your Honor. Is that correct? Yes, Your Honor. Okay. Could I-this is Judge Clevenger-could I come back to the specificity of this case for a moment? Unless I'm mistaken, this case presents us with an opportunity to answer the question of what degree of specificity is required on a form, on the particular form you named, what degree of specificity is required in a 526 form in order to raise a formal claim? That's correct, Your Honor. As both parties have stated, we're outside the informal claim regime. That's why I wanted to bring it back. It seems to me that what we're being-first, that we-regardless of how the CABC seemed to treat what was in Box 40, Mr. Sellers' contention is that Box 40 contains his formal claim for relief. That's correct, Your Honor. And so we need to decide if that's sufficient, yes or no. If it's insufficient, what is your view of what degree of specificity is required? Your Honor, as we explained at length in the briefs, and I think that one can also-it pulls directly out of the regulations. The form that a claim must take, 526, has within it specific space to identify the disability. Okay, let me ask this question. Let's assume that in that space, which I think you mean is Box 17 and Box 18, 19, where specific injuries are identified, is that correct? Yes. Okay, so let's assume that in-go back to the Shea case, and let's assume that Mrs. Shea, when she supplied the RO with the information that became the basis for the informal claim, let's assume Mrs. Shea had simply written on the formal form in Box 17 what she told the RO. Would that have been sufficient to have a formal claim? No, and I think what would happen, Your Honor, is it would trigger right under the statutes, and as described in the Fletchman case as well, the form would bounce back to Mrs. Shea with designation to-you need to-describing what information is missing and that it needs to be provided, I believe, within a year in order to lock in the claim. Okay. So there already is- Why isn't it sufficient in a formal claim in Block 17, nature of the sickness, degree, or illness is made, someone to come in and say, I've got, as she said, I'm having trouble remembering things, I've got head problems, I have-I live with this accident back and forth, the accident was on such and such a date. Why isn't that sufficient? Oh, I'm sorry, Your Honor. That, I think, would be sufficient. I thought you were referring to her, in the Shea case, designation of hospital records without more. For instance, if she had put in Box 17- No, no, no, no, no. No, Shea turns both on what she said as well as her identification of the hospital records. Assume, for example, that in Box 17, Shea had written what I just said about her head problem and the rest, and she said, by the way, I'm aware of a medical record that would support this, and she cited the record. And that was all she said in Block 17. Would that be a sufficient formal claim? Yes, I think it would, Your Honor. And we discussed that in our case, in our brief. Excuse me. Specificity. I'll finish my answer here, and then I can reserve the time following that. The level of specificity that's required in the form by VA practice is very low. So, it can be identifying a body part. It can be identifying a problem, like a memory problem. It just has to be something so that VA- Would it be your position that the level of specificity required to trigger an informal claim is the same level of specificity that would suffice in a formal claim? Historically, yes, and that has been VA's position. Of course, now the regulations have been changed as of, I believe, 2015, with the introduction- Is that a yes or no? Yes. In the time period we're speaking of, it would be the same. There are no longer informal claims. Wait a moment. Under the 2015 regulations, would it be sufficient if the formal claim had the same level of specificity that existed in the Shea case? I believe so, because the general- As the Court knows and has discussed in the Veteran Justice Group decision and the legislative history there behind 3.16 goes a lot into the historical treatment and the continuity of the treatment of claims and how they're read and interpreted. And that 3.160 does not represent a break from that continuity. So, I think that the expansive reading of claims would continue with the new forms. If a veteran put down body parts and things like that, describing the difficulty that he or she was having, that that would constitute the formal claim and then enable the veteran to move forward in the process. Okay. Unless there are further questions, we'll hear from Mr. Carpenter. Any further questions? No. Okay. Mr. Carpenter. Mr. Carpenter. Oh, I'm sorry. I had the mute button on. I apologize. This is Kenneth Carpenter appearing on behalf of Robert Sellers. If I could begin by trying to address Judge Dyke's question relative to obtaining records. I believe that prior to the filing of an application, there is no VA regulation that provides for any obligation on the part of the secretary to provide either service records or treatment records unless those records are already in an established claim. What about service departments? Do they have the obligation to supply such records? No, they do not until such time as a claim has been filed. Once a claim has been filed, that's opened up in the regional office to be adjudicated. And once the claim has been filed under 38 U.S.C. 5103, the duty to assist then triggers to obtain all relevant records, including service department records. Mr. Carpenter, it's Judge Clevenger. You began your response in response to Judge Dyke's question by saying prior to the filing an application. That's correct. Did you mean by that filing a formal claim as opposed to saying something that would be deemed an informal claim? Yes, Your Honor. So what happens when a veteran walks into the RO and makes an informal claim? Well, there are two answers to that. One has to do with the prior version of the regulation, which is at issue here, and I'll address that first. At the time that an informal claim is filed, the duty to assist does not trigger. What happened under the prior version is that the Secretary specifically provided that in the event that a formal claim was presented, that he would provide to the veteran or other claimant a VA form in order to initiate a formal claim, and that he or she had one year to submit that formal claim, and then that would trigger the duty to assist. From the time that the informal claim was filed until the time that a formal claim was filed, which had to be within that one year window, there is no duty to assist under the prior version of 3.155A. Now to address Judge Dyke's question relative to service records. Service records can be obtained by any veteran from the National Archives, which is in St. Louis. The National Personnel Records Center will respond to any veteran to be provided their service records. They no longer have to go to the individual service departments. Individual service departments are supposed to submit those to the National Personnel Records Center. Thank you. Now, I'd like to address the question of the degree of specificity that Judge Clevenger spoke of. I agree that that is the central issue in this case, and I believe that the government's position is based upon their interpretation of the law as it applies to informal claims. Even though both parties agree that the informal claim is not what was at issue here, it is the case law related to the specificity question for an informal claim. It's Mr. Seller's position that there is no provision that requires specificity for a formal claim. That is important to understand the distinction here because the claim being made in this case was a claim for compensation. What is filled out on the VA Form 526 is to identify the diseases or injuries that were incurred in or aggravated during a period of service or were conditions that they believe entitled them to compensation because they have a post-service disability. You're saying that if you put in that form, please see if I have a claim for service connection, you don't even have to identify the current disability or you do? Well, in order to prevail, you do have to respond to the particular number on that form with the information that the individual veteran has available to them. The case law is clear that the veteran is not an expert and does not necessarily know the right verbiage to describe what their disability may or may not be. I'm not understanding what the answer is. Does the veteran have to say, I have a current disability and describe it as to what it is on the formal claim form? Or can he just say, please look at my records and see if I have any claims? Well, Box 17 in this case, which is in the record at page 140. 137. 137, that's correct. And that box is titled nature of sickness, disease, or injury for which this claim is made and the date that each began. And in this case, there is a right leg, left knee. Right, right. Mr. Carpenter, let me interrupt. Yes. Judge Dyke is asking you the question is that if Mr. Sellers had filed his 21-526 form in which he had filled out the box identifying himself and where he lived, but Box 17 was empty and the other boxes relating to specific acts, they were empty. And all there was was Box 40 saying request service connection for disabilities occurring during active duty service. Would that have been a sufficient formal claim, yes or no? It would probably be considered technically to be an incomplete claim. But the secretary has the discretion. Aren't you saying in your case that it is sufficient to be a formal claim? I am saying in this case it is because Mr. Sellers provided enough information to identify that there were service medical records that showed an injury while in service. But it was a leg injury, right? That's correct, Your Honor. But that triggered the responsibility for the secretary to obtain all of his service department records. Okay, so Jessica, I can understand your position. You're saying as long as a veteran identifies some specific disability on the form, that's sufficient. But he does have to identify some disability on the form. But once he does that, the Veterans Administration has the obligation to see if there are any other disabilities related or unrelated supported by the medical records. Is that your theory? That is correct, Your Honor. Mr. Carpenter, can I just modify that hypothetical a little bit? Suppose instead of the detail he has here in boxes 12 and 17 describing the leg injury, all he has is box 40. And then in either box 12 or 17, he just says, I have disabilities resulting from service because I was injured without any further description of either the nature of the disability or the injury. Is that specific enough? Yes, Your Honor, I believe it is. And I think we need to stay away from the term specific. It is only necessary that the veteran identify an injury or disease that was incurred in service. And Judge Hughes' hypothetical, there was no such identification. That's right. And I believe that it would be sufficient in Judge Hughes' hypothetical to trigger the provisions of the duty to assist that are specified at 38 CFR 3.103A, which require that... Mr. Carpenter, you're arguing out of both sides of your mouth.  In the first case, in answer to Judge Dyke, Judge Dyke said, must there be an identification of some disability, meaning some disability that has a name on it, not just a request. And I'm sorry, Your Honor. And you said yes. And then Judge Hughes said, you don't have a name on it. You just say, I request disability. You say that in the first form, and you say, I request service connection for disability in form 40. You're now saying that that's enough. Which is it? Well, Your Honor, it is both. I'm sorry, in responding to Judge Hughes' question, I didn't get a chance to finish my answer to Judge Dyke. Judge Dyke framed it in terms of identifying a disability. The veteran need not identify a disability. He need only identify that he was injured in service or suffered a disease or a pre-service injury or disease, was aggravated during service. It is then incumbent upon the secretary to assist the veteran in developing facts pertinent to a claim for disability compensation. The claim here is for compensation. The claim here is not for any specific disability, although the veteran could and often does identify a specific disability. That difference is important here because if you make it too specific, then the secretary is able to do what the secretary is attempting to do here and say that we don't have the obligation to read the entire service medical records. And that is simply inconsistent with the provisions of their own regulation at 3.103A, to develop facts pertinent to a claim for compensation and to render a decision that grants every benefit that can be supported in law. And that's why this court, as early as Roberson, has consistently held that a reasonably raised claim, either by the evidence or by what the veteran says, either in his application or in later submissions, has to be developed by the secretary. The secretary cannot simply ignore that, as is the secretary's position here, because it's not on the VA Form 526. I'm sorry, was there a question? I'm sorry? I was following, you were following, but I was not letting you finish, Mr. Carpenter, so this time we let you finish. I'm sorry, Your Honor. I'm still connected. Are the other judges connected? Yes, I'm here. Okay. And that is the important distinction here between the case law that preexisted the amendment to 3.155, and as the government- Mr. Carpenter, I've got to say, I am completely unclear as to what your theory is. If you just left all the boxes blank, except you said, I'd like the secretary to see if I have any compensable service connection claims, that wouldn't be sufficient, right? I do not believe just that would be sufficient. Wait, in addition to that, what does he have to say? I think he has to complete the form to the satisfaction of the secretary. The secretary may return an incomplete form to the veteran and not accept that form and say, this is an incomplete form, and I will not act on your claim until you give me a completed form, or in the language of the statute, a substantially completed form. And it is in the discretion- Yeah, Mr. Carpenter, I think the hypotheticals help us to sort of find out exactly where you are. So I'm taking you to say that I'm looking now at, can I just use Block 7 in the form as the example where ordinarily specifics are supplied? Because Block 40 says remarks, and the remarks are supposed to relate back to earlier blocks. So let's assume that in this case, your client had said in the initial block on the nature of the sickness or disease, he had said, I request service connection for disabilities occurring during active duty service. And then he then repeated the same language in Block 40. Do you believe that would be sufficient to have stated a formal claim? Yes, Your Honor. And I believe that that's what Mr. Sellers- No, the reason why you're confusing us, Mr. Carpenter, is that your earlier response to Judge Black said that the veteran, in order to trigger this duty to get into records, has to identify some disability. He has to say something happened. He has to point to something in service to the- I'm sorry, Your Honor. What I was intending to say was he has to communicate something to the secretary to accept the form. The secretary's duty to assist does not start until the secretary has a complete or substantially completed form. And it is up to the secretary to decide. The secretary, in this case, made that decision that this was a sufficiently complete form that he could proceed. And once he did, the secretary's duty to assist continued, and that duty to assist cannot be constrained, as the government argues in this case, by the need for specificity of this psychiatric claim. Mr. Carpenter, Judge Hughes had a question, I think. Yeah. So, if I understand your argument, it's if a veteran files this form, that that is sufficient to start the process. I'm sorry, Your Honor. Ken Carpenter has left the call. I am pausing the recording. Okay, Mr. Carpenter, are you there? I am here, Your Honor. I think Judge Hughes withdraws his question. Unless my colleagues have any further questions, I think we're finished with your side of the argument. All right, Your Honor. Hearing no further questions, we'll go to Mr. Pelkey for his rebuttal argument. Thank you, Your Honor. Mr. Pelkey, this is Judge Hughes. I just want to-I'm not quite sure I understand the government's position on this, but I think you tried to say this during our opening. If this Form 526 contained the type of details that were present in SHEA, in that it talked about certain disabilities and injuries and referenced certain medical records, if those medical records had contained additional diagnosis like PTSD or a mental health thing, would that have been considered raising the claim so that this would have been the starting date for the payment of benefits? Not as a matter-necessarily as a matter of law. I mean, it would always fall to VA to potentially follow up if they thought there was some ambiguity. Mr. Pelkey, in answer to my exact question about SHEA, you said that would be sufficient. You're now backtracking from that? No. I mean, my understanding of the question is that that would be sufficient to state the claim for what had been identified, meaning the injury-the nature of the sickness, disease, or injury identified, which is what's asked for in Box 17. And so that statement and identifying the records would be the formal claim for that sickness or injury. It's the same situation for similar- I'm confused in why you answered no. Let me be clear. Maybe you didn't understand what I was asking you. If this form, in addition to what it had here, had also identified a medical record with specificity that included a diagnosis of mental health disease and that after the adjudication process it was determined that that was service-connected, would that identification of the record without anything else identifying the disability be sufficient for this to be the starting date? Okay. Just to make sure I understand the question so I don't want to drive by each other again. In Box 17, the claimant puts in the injury, the date that it occurred, the specific medical records, points to specific medical records and doctors, and then, Your Honor mentioned an adjudication that finds mental health issues. Would that then date from the form? Yes. Is that the effective date? Yes. Okay. So, the same standard for Shay. Right. And I think the key there, though, the key, right, is that the VA always has the ability to look and construct and it's trying to work with the claimant to find what's there. And that hypothetical, and in Shay, there was an adjudication, you know, that there were- You're out of time, but let me ask you this just one more way to make sure that you're giving me the answer. I don't want to hold you to an answer that I don't know you're giving or not. If the form specifies a medical record but doesn't specify a specific disability, if that medical record contains that other disability that is subsequently granted service connection, is the mere identification of that medical record on this form enough for an effective date of the date of the form? I think you've said yes, no, and then yes. So, I'm just trying to get a clear answer. I want to make sure, again, that we have all the facts of the hypothetical straight. Are only medical records identified in the form, or is there a disability identified on the form? No, there's a disability, but not the one for which service connection was ultimately granted, which was the case in Shay as well. Well, but again, the distinction between this hypothetical and the one we just did is also important. There's a VA adjudication that you mentioned. As a matter of- My hypothetical- I can't give you every single detail of the hypothetical, because all I'm talking about is effective date. It's okay. I don't need to tease this anymore. I do want to pursue that for one more minute. In Shay, she identified medical records and said, please obtain these records and grant benefits, right? And that was held sufficient to be an informal claim. Is that sufficient for a formal claim? I hate to interrupt, but if we're trying to make this a parallel with Shay, the Shay record also includes a conversation that she had at the VA, pointing out that her lack of memory and pointing to the fact that she had some mental problems. And it was that in connection with the medical record that she pointed to. That was relied on by the court in saying she made an informal claim. I mean, that's correct, Your Honor, because in Shay, remember, the language in Shay where it speaks of moving beyond the four corners of documents specifically referenced that there's guidance of where to go beyond the four documents in terms of- Pardon me. I'm sorry I interrupted, and I apologize to the presiding judge for it. But I think if we're trying to set up parallels between Shay, we have to take Shay for all it taught for the first hypothetical. Judge Dyke's suggestion that all you would have is an identification by a veteran of a medical record is less than all that was in Shay. That was the only point I was trying to make. Right. And I think that's a helpful clarification. But my specific question now is taking part of Shay where she says, please obtain these records and grant benefits, identifying specific medical records, is that sufficient for a formal claim for any disability disclosed in the records? No, I think that form would be bounced back to Ms. Shay. That's not sufficient? No, but she would be able to get the effect-it would begin the process, and I think under Fleshman and those statutes and regulations cited therein, the form would be considered incomplete because it doesn't identify the nature of the sickness. But it could go back to the claimant to fill in that information. Now, I would add, because we also have this hypothetical sort of bouncing around, if there is a disability identified, and then in that box 17, there's other generalized statements that don't connect to anything, if VA did not take that to be a formal claim and issued a decision, the claimant would have the right, as Ms. Shay did in her case, to file a notice of disagreement. And that could then open up or continue the process to get something that the And that again, Sellers is a final decision. Shay was not. Unfortunately, that sort of confuses the issue. The question in front of us, unless I'm wrong, is whether or not this specific form filed by Mr. Sellers is a sufficient formal claim, yes or no. It is a sufficient- Not the question of what the VA might-if the VA had deemed it to be informal, what they might have done with it. And if it's insufficient, what is it lacking? The claim is insufficient unless it identifies the specific disability for which benefits are being sought. And that's why Mr. Sellers got exactly what he asked for and did not file a notice of disagreement. He put in a form that listed five specific physical disabilities. Those were assessed. He received a rating. He did not file a notice of disagreement. Nobody heard from him for 15 years and then came back and now is trying to reopen that on the sole basis of Box 40. And that's the trap of Mr. Carpenter's argument, is that if you put in some disability on the form, that meant that VA at the time had to look for every conceivable disability. They wouldn't know what was a disability. The veteran knows what is ailing the veteran at that time. VA does not. Mr. Pelkey, I think unless my colleagues have further questions, we're out of time. Yes, thank you, Your Honor. Thank you. Okay, thank you. Thank both counsel. The case is submitted. That concludes our session for this morning. The honorable court is adjourned until Monday morning at 10 a.m.